UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-cv-23485-DPG

MARK ZUNIGA,

    Plaintiff,

DELBERT SERVICES
CORPORATION,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff hereby sues Defendant for violating the Fair Debt Collection Practices Act ("FDCPA") codified at 15 USC § 1692 *et seq.* and states the following.

1. This matter has been removed from county court to federal court based on federal question jurisdiction.

2. All conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.

3. This is an action pursuant to the FDCPA which is designed to protect consumers from abusive, deceptive, unfair, and/or undignified collection practices.

4. Defendant is a debt collector as defined by § 1692a(6) of the FDCPA.

5. Plaintiff is a natural person allegedly in debt to Defendant for a consumer debt.

6. Defendant violated the FDCPA when it left a voice message on Plaintiff's cellular telephone stating (in its entirety):

> This message once again is for Mark Zuniga. Mr. Zuniga this is Ruben calling from Delbert Services. Sir it is very important that you take a moment to try and return my phone call today. Sir I got some options I want to go over here with you. Sir I'm only trying to help you out Mr. Zuniga but I can't do that unless I hear back from you 7147226954 or 8779833523 extension 6954. Sir do not disregard this message and I need to hear back from you today.

This message violates § 1692e(11) of the FDCPA because it fails to disclose that the call is from a debt collector.

7. Upon information and belief, the alleged debt at issue originated with Western Sky Financial, LLC ("Western Sky") on whose behalf Defendant made the collection call at issue.

8. The Western Loan Agreement Loan Agreement contains an arbitration clause that has been declared unenforceable by federal courts for several reasons.

9. For example, the Western Sky Loan Agreement states:

> **Agreement to Arbitrate:** You agree that any Dispute, except as provided below, will be resolved by Arbitration, which shall be conducted by the Cheyenne River Sioux Tribal Nation by an authorized representative **in accordance with its consumer dispute rules** and the terms of this agreement.

(Bold added).

Because the Cheyenne River Sioux Tribe possesses no "consumer dispute rules," the arbitration agreement is **illusory** and was intended solely mislead Zuniga to believe that he could seek redress of any grievance in a court of law.

10. Plaintiff has been damaged by Defendant's violation of the FDCPA.

11. Plaintiff has incurred costs and attorney's fees as a result of Defendant's acts.

## COUNT I

Paragraphs 1 through 11 are incorporated by reference herein.

12. Defendant violated § 1692e(11) of the FDCPA when it left a voice message on Plaintiff's cellular telephone without disclosing that it is a debt collector.

13. Pursuant to § 1692k of the FDCPA Plaintiff possesses a claim against Defendant for actual and statutory damages and costs and attorney's fees.

14. Plaintiff's damages are the proximate result of Defendant's violation of the FDCPA.

**WHEREFORE**, Plaintiff demands judgment against Defendant pursuant to § 1692k for actual and statutory damages, costs and attorney's fees, and any and all such further relief the Court deems just and equitable.

Plaintiff demands a jury trial on all issues so triable.

                            _____/S/_____
                            Bruce B. Baldwin, Esq. FBN 493023
                            Debt Defense Law
                            6915 Red Road, Suite 200
                            Coral Gables, Florida 33143
                            Tel.: (305) 444-4323
                            service@debtdefenselaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided to counsel of record via the CM/ECF system this 8th day of October 2014.

                            _____/S/_____
                            Bruce B. Baldwin